IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Starbucks Corporation, a Washington corporation,<br><br>  Plaintiff,<br><br>v.<br><br>South Dakota Network LLC, a South Dakota limited-liability company, d/b/a SDN Communications,<br><br>  Defendants. | Case No. 8:11-cv-237<br><br>**COMPLAINT**<br><br>(TRIAL REQUESTED IN OMAHA) |

COMES NOW Plaintiff Starbucks Corporation and, for its Complaint against Defendant South Dakota Network LLC d/b/a SDN Communications, states the following:

**PARTIES**

1. Plaintiff Starbucks Corporation ("Starbucks" or "Plaintiff") is a corporation organized and existing under the laws of the State of Washington and maintains its headquarters and principal place of business at 2401 Utah Ave. S., Seattle, Washington, 98134.

2. Defendant South Dakota Network LLC is a limited liability company organized and existing under the laws of the State of South Dakota with a principal place of business at 2900 W. 10th Street, Sioux Falls, South Dakota, 57104.

3. South Dakota Network LLC does business as SDN Communications and will be referred to as "SDNC" or "Defendant."

4. SDNC maintains an office in Omaha, Nebraska, and, on information and belief, regularly conducts business within the District of Nebraska.

## JURISDICTION AND VENUE

5. Jurisdiction in this Court and in the subject matter of this action arises under the trademark laws of the United States, 15 U.S.C. §§ 1051, *et seq.*; under the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202; and under the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

6. This Court may exercise personal jurisdiction over the Defendant based upon its presence within this judicial district, as well as, upon information and belief, its activities including the transaction of business within the District of Nebraska.

7. Venue in this Court is proper under 28 U.S.C. § 1391(b)-(c) because at all times relevant to the Complaint SDNC was a resident of the District of Nebraska and, further, because a substantial portion of the events giving rise to the claim occurred within this judicial district.

## FACTUAL ALLEGATIONS OF THE COMPLAINT

### *Plaintiff and the "Starbucks Digital Network" website*

8. Starbucks is an international coffee and coffeehouse chain with nearly 7,000 company-operated stores in the United States. In addition to espresso-based coffee drinks and other hot and cold beverages, Starbucks sells coffee beans and a variety of food items. Starbucks also sells glassware, merchandise, and equipment related to coffee and espresso drinks and also markets books, music, and film.

9. Upon information and belief, SDNC is a provider of information technology (IT) solutions primarily including high-speed broadband internet service, network equipment, network monitoring, phone systems and cabling offered exclusively to business customers.

10. On or about July 1, 2010, Starbucks began offering free wireless internet access to its in-store customers through services provided by AT&T. Upon entering a Starbucks store, customers with a wireless-capable laptop, tablet computer, or smart phone may access the internet using the AT&T wireless internet connection. The AT&T wireless internet connection is designated to Starbucks' in-store customers as "attwifi" in the list of wireless networks in range of the customers' wireless-capable laptop computers, tablet computers, or smart phones.

11. Starbucks in-store customers using a laptop or tablet computer are first directed to a login page where they are required to accept the AT&T Terms of Service & Acceptable Use Policy before they are allowed to access the AT&T free wireless internet connection. A true and correct copy of the login page for Starbucks' in-store AT&T free wireless internet access, displaying the AT&T logo, is attached hereto as Exhibit A.

12. On or about October 20, 2010, Starbucks launched the Starbucks Digital Network, a website exclusively accessible to Starbucks customers connected to the internet through the in-store AT&T wireless internet connection. Starbucks provides this website in partnership with Yahoo! The Starbucks Digital Network provides free access to premium internet news and entertainment content, for which users normally would have to pay subscription fees. A true and correct copy of the Starbucks Digital Network home page, or "landing page", is attached hereto as Exhibit B.

13. In 2009, Starbucks introduced a smartphone application called myStarbucks, which is available for download and use by users of smartphones such as the Apple iPhone. The myStarbucks application provides users with information such as the location of nearby Starbucks stores, a Starbucks "drink builder" function, information about Starbucks' coffees and food items, and Starbucks job listings.

14. On or about October 20, 2010, Starbucks updated its smartphone application to integrate the Starbucks Digital Network with the application. Now, when a smartphone user with the myStarbucks application enters a Starbucks store and has the wireless capability of his or her smartphone activated, that user can access the Starbucks Digital Network through the myStarbucks application.

15. Starbucks consistently promotes its Starbucks Digital Network using the trademark Starbucks Digital Network. In some instances Starbucks uses the acronym SDN as a shorthand reference to the Starbucks Digital Network. All such uses of the acronym SDN are made in direct association with the full trademark Starbucks Digital Network. For example, Starbucks' in-store customers may access the Starbucks Digital Network through myStarbucks by touching a button on their smartphone screens marked with a star and the acronym SDN. Upon pressing that button, an introduction screen appears describing the Starbucks Digital Network and containing a larger button labeled "OPEN THE SDN." The trademark Starbucks Digital Network appears on the top of the screen. True and correct screenshots of such references from Starbucks' website and from the myStarbucks iPhone application are attached hereto as Exhibits C and D.

### *The Allegations Of Infringement By Defendants*

16. SDNC owns several registered trademarks and/or trademark applications. These are collectively referred to as the "SDNC marks." They are:

- The word mark SDN, USPTO Reg. No. 3471797 for use in connection with "broadband communication services, namely, private line services, frame relay services, and asynchronous transfer mode services; Wireless broadband communication services; Providing high speed access to area networks and a

global computer information network; Providing dedicated high speed access to a global computer information network; Dedicated long distance telephone services; Dedicated long distance and providing dedicated access to the Internet." The application for this mark was filed on December 11, 2007, and registration was granted on July 22, 2008.

- The word mark SDN, USPTO Reg. No. 3471792 for use in connection with "Installation and maintenance of data networks consisting of computers, routers, switches, video conferencing equipment, printers, servers, storage area networks and firewalls." The application for this mark was filed on December 11, 2007, and registration was granted on July 22, 2008.

- The word mark SDN, USPTO Reg. No. 3475724 for use in connection with "design and configuration of data networks consisting of computers, routers, switches, video conferencing equipment, printers, servers, storage area networks and firewalls; technical support services, namely, troubleshooting of computer hardware and software problems including computers, routers, switches, video conferencing equipment, printers, servers, storage area networks and firewalls; technical support, namely, monitoring of data network systems consisting of computers, routers, switches, video conferencing equipment, printers, servers, storage area networks and firewalls." The application for this mark was filed on December 12, 2007 and registration was granted on July 29, 2008.

- The word mark SDN, USPTO Reg. No. 3475729 for use in connection with "monitoring of computer systems for security purposes, namely, network

intrusion detection services." The application for this mark was filed on December 12, 2007 and registration was granted on July 29, 2008.

- The word mark SDN Communications, USPTO Reg. No. 3289788 for use in connection with:
    - "Installation and maintenance of data networks consisting of computers, routers, switches, video conferencing equipment, printers, servers, storage area networks and firewalls."
    - "Broadband communication services, namely, private line services, frame relay services, and asynchronous transfer mode services; Wireless broadband communication services; Providing high speed access to area networks and a global computer information network; Providing dedicated high speed access to a global computer information network; Dedicated long distance telephone services; Dedicated long distance and providing dedicated access to the Internet."
    - "Design and configuration of data networks consisting of computers, routers, switches, video conferencing equipment, printers, servers, storage area networks and firewalls; technical support services, namely, troubleshooting of computer hardware and software problems including computers, routers, switches, video conferencing equipment, printers, servers, storage area networks and firewalls; technical support, namely, monitoring of data network systems consisting of computers, routers, switches, video conferencing equipment, printers, servers, storage area networks and firewalls."

- o "Monitoring of computer systems for security purposes, namely, network intrusion detection services."

The application for this mark was filed on November 30, 2006, and registration was granted on September 11, 2007.

- Applications for word marks SDN and SDN Communications, USPTO Serial Nos. 85266946 and 85267123, respectively, for use in connection with "computer software for simultaneous, multiple modes of communication over local area networks and the internet via instant messaging, Voice over Internet Protocol (VoIP), video conferencing, audio conferencing, application sharing, computer desktop sharing, file transfer, sensing and providing user presence information, and telephony." The applications for these marks were filed on March 15, 2011.

- Application for word mark SDN Communications, USPTO Serial No. 85267123, for use in connection with "computer software for simultaneous, multiple

17. On October 22, 2010, Troy N. Leonard ("Leonard"), counsel for SDNC, sent a letter to Julia Anne Matheson, outside trademark counsel for Starbucks, expressing concern over an article regarding Starbucks Digital Network in which the author, who had no affiliation with Starbucks, used the acronym SDN to refer to Starbucks Digital Network.

18. Starbucks responded to the Leonard letter through a November 8, 2010, letter to Leonard from Starbucks' outside counsel, John C. Rawls III ("Rawls") of Bracewell & Giuliani LLP in Houston, Texas.

19. On January 24, 2011, Leonard sent a more threatening letter to Starbucks through Rawls. In his letter, Leonard referenced two examples from Starbucks' website in which Starbucks referred on second and third reference to Starbucks Digital Network with the acronym

SDN, and alleged that such use constituted of willful infringement by Starbucks of SDNC's "SDN" mark. Leonard insisted that Starbucks cease and desist from all use of the acronym SDN by February 1, 2011.

20. Following the cease-and-desist letter, Starbucks and SDNC discussed potential compromises, but such discussions ended on April 7, 2011, and did not result in any resolution of SDNC's accusations against Starbucks.

21. Leonard's cease-and-desist letter of January 24, 2011, coupled with the inability of the parties to resolve SDNC's accusations against Starbucks, places Starbucks in reasonable apprehension of a lawsuit claiming infringement of the SDNC marks. Defendant's accusation of willful infringement casts a cloud over Starbucks' ongoing use and development of the Starbucks Digital Network, threatens to cause irreparable harm to Starbucks, and threatens Starbucks' substantial investment in the Starbucks Digital Network.

### *Plaintiff's Use Does Not Infringe or Unfairly Compete With Any of Defendants' Legitimate Rights*

22. Plaintiff's use of the acronym "SDN" as a shorthand reference to its Starbucks Digital Network website does not constitute the use of a mark under federal or state trademark law and, therefore, Starbuck's use of "SDN" as an acronym for Starbucks Digital Network cannot be deemed to infringe on the SDNC marks.

23. Starbucks does not offer wi-fi services under the trademark Starbucks Digital Network or under the acronym SDN. Starbucks' in-store AT&T wireless internet connection is offered to Starbucks' in-store customers as "Starbucks Free Wi-Fi" and is clearly and prominently branded as a service provided by AT&T.

24. Starbucks' use of the acronym SDN is only used as a shorthand reference to its Starbucks Digital Network website and is not used to promote wi-fi services or any services

other than the Starbucks Digital Network website that is available exclusively to Starbucks in-store customers.

25. No likelihood of confusion exists between Starbucks' use of the acronym "SDN" as a shorthand reference to its Starbucks Digital Network website and any use of the SDNC marks by Defendant in connection with the provision of information technology (IT) solutions or any other products or services offered by Defendant.

### *An Actual Case Or Controversy Exists*

26. An actual case and controversy exists between Plaintiff and Defendants arising from Defendants' imminent threat to initiate litigation, which creates a reasonable apprehension of suit, and Starbucks current practice of using the acronym "SDN" in conjunction with its trademark Starbucks Digital Network and its intention to continue such use in the future.

27. Starbucks has a right to certainty with respect to its development and promotion of its business activities so that it is not left guessing as to what actions Defendants will take or when.

### COUNT I

### DECLARATORY JUDGMENT

28. Starbucks repeats and realleges each of the allegations in the preceding paragraphs previously pled in this Complaint as if each were set forth in full herein.

29. Starbucks seeks a declaration under 28 U.S.C. §§ 2201 and 2202 that its use of "SDN" as an acronym for Starbucks Digital Network does not infringe or violate the trademark laws of the United States, including 15 U.S.C. §§ 1114 - 1125, or constitute a false or misleading designation of origin, description of fact or representation of fact that is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection or association of Starbucks with Defendant.

## COUNT II

## DECLARATORY JUDGMENT

30. Starbucks repeats and realleges each of the allegations in the preceding paragraphs previously pled in this Complaint as if each were set forth in full herein.

31. Plaintiff seeks a declaration under 28 U.S.C. §§ 2201 and 2202 that its use of SDN as an acronym for Starbucks Digital Network does not infringe or violate the alleged rights of the Defendant under the trademark, anti-dilution, or other laws of the State of Nebraska or any other state, and does not constitute unfair competition with Defendants under any common law or statutory right of State of Nebraska or constitute a false or misleading designation of origin, description of fact or representation of fact that is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection or association of Starbucks with Defendant.

WHEREFORE, Plaintiff Starbucks Corporation prays for relief as follows:

1. A declaration that use by Starbucks of "SDN" as an acronym for Starbucks Digital Network does not infringe or violate the trademark laws of the United States, including 15 U.S.C. §§ 1114-1125, or constitute a false or misleading designation of origin, description of fact or representation of fact that is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection or association of Starbucks with Defendant;

2. A declaration that the use by Starbucks of "SDN" as an acronym for Starbucks Digital Network does not infringe or violate the alleged rights of the Defendant under the trademark, anti-dilution, or other laws of the State of Nebraska or any other state, and does not constitute unfair competition with Defendants or deceptive trade practices under any common law or statutory right of the State of Nebraska or constitute a false or misleading designation of origin, description of fact or representation

of fact that is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection or association of Starbucks with Defendant;

  3. An injunction prohibiting further threats of litigation by Defendant toward Starbucks related to Starbucks' use of SDN as an acronym for Starbucks Digital Network;

  4. An award of costs and reasonable attorneys' fees incurred in this action;

  5. Judgment on Counts I and II above;

  6. Such other and further relief as the Court deems just and proper; and

  7. A trial in Omaha for all of its claims.

Dated this 1st day of July, 2011.

          STARBUCKS CORPORATION, INC., Plaintiff

        By s/ Patrick C. Stephenson
          John P. Passarelli #16018
          Patrick C. Stephenson #19138
          Douglas W. Peters #23782
          KUTAK ROCK LLP
          1650 Farnam Street
          Omaha, NE  68102-2186
          Telephone  (402) 346-6000
          Facsimile  (402) 346-1148
          john.passarelli@kutakrock.com
          patrick.stephenson@kutakrock.com
          douglas.peters@kutakrock.com